UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Civil Case No: 11-10275
        Honorable David M. Lawson

DAN SZAFLARSKI, ELAINE SZAFLARSKI,
SZAFLARSKI PARTNERS, HURON
COUNTY TREASURER, OAKLAND
COUNTY TREASURER, WAYNE COUNTY
TREASURER, and POINT OF SAND POINT
ASSOCIATION,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ALTERNATE SERVICE

On June 24, 2011, the plaintiff filed a motion seeking leave to serve defendants Dan Szaflarski, Elaine Szaflarski, and Szaflarski Partners by alternative means. The Court previously granted the plaintiff additional time to serve these defendants. The plaintiff now explains that it has been unable to perfect service on these defendants despite a multitude of attempts by both the United States Marshal Service and a private process server. The plaintiff requests leave to serve these defendants by alternative means, but does not specify which means it seeks.

Federal Rule of Civil Procedure 4 sets forth the rules for service of process on individuals in subsection (e) and partnerships in subsection (h). Both rules 4(e) and 4(h) provide that service may be accomplished "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1) & (h)(1)(A). *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623-25 (6th Cir. 2004). In addition, an individual may be served by personal service, by leaving a copy of the service documents with an individual "of suitable age and discretion" who resides at the

purported defendant's residence, or delivering a copy of the documents to an agent. Fed. R. Civ. P. 4(e)(2). A partnership also may be served by delivering a copy of the service documents to an officer or agent and — if service is effected on an agent — also mailing a copy of the documents to the corporate defendant. Fed. R. Civ. P. 4(h)(1)(B).

Under Michigan law, service on an individual may be effected by delivering the service documents personally or by registered or certified mail, return receipt requested and delivery restricted to the addressee. Mich. Ct. R. 2.105(A). The rule provides for service on a partnership as follows:

> (1) serving a summons and a copy of the complaint on any general partner; or
>
> (2) serving a summons and a copy of the complaint on the person in charge of a partnership office or business establishment and sending a summons and a copy of the complaint by registered mail, addressed to a general partner at his or her usual residence or last known address.

Mich. Ct. R. 2.105(C). In addition, the Michigan rule includes a provision that allows additional methods of service upon "a showing that service of process cannot reasonably be made as provided by this rule." Mich. Ct. R. 2.105(I)(1). In that event, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Ibid.*

To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. The first point must be established by "sufficient facts." Mich. Ct. R. 2.105(I)(2); *see Krueger v. Williams*, 410 Mich. 144, 163, 300 N.W.2d 910, 916 (1981). The second point embodies the constitutional requirements of due process. *Milliken v. Meyer*, 311 U.S. 457, 463 (1940) (holding that the constitutional adequacy of an alternate method of service "is dependent on whether

or not the form of substituted service provided for such cases and employed is reasonably calculated to give [the defendant] actual notice of the proceedings and an opportunity to be heard").

The plaintiff in this case has presented sufficient evidence of valid attempts to serve defendants Dan Szaflarski and Elaine Szaflarski through a process server who was hired when the United States Marshal Service reported on the record that its three attempts had been unsuccessful. The plaintiff also has presented evidence demonstrating that the known addresses for each defendant are valid. The plaintiff obtained three addresses for Dan Szaflarski — 8390 Woodspur Drive, Commerce Township, Michigan 48382; 24634 Five Mile Road, Redford, Michigan 48239; and 1516 Southbay Drive, Osprey, Florida 34229 — which were confirmed by multiple records searches. The process server's affidavit confirms that the third address is no longer accurate. The only address associated with Elaine Szaflarski was the 8390 Woodspur Drive location in Commerce Township.

The process server made two attempts to serve Dan Szaflarski at the Five Mile address, an office complex, on April 24, 2011 at 5:15 p.m. and June 22, 2011 at 4:15 p.m. The process server learned that Dan Szaflarski no longer rented an office in the facility but continued to collect mail in private mail box 59. The record also reflects that the process server made seven attempts to serve Dan and Elaine Szaflarski at the Woodspur location on April 29, 2011 at 9:05 p.m. and 11:15 p.m., May 14, 2011 at 6:30 a.m., May 19, 2011 at 2:45 p.m., May 22, 2011 at 3:45 p.m., June 5, 2011 at 9:45 p.m., June 22, 2011 at 10:45 p.m. The process server learned that the house belonged to Dan's son, but that Dan also resided there and Elaine visited several times a week and received her mail there. During some of the attempts at the Woodspur house, the process server averred that lights were on in the house and vehicles were parked in the garage, but no one answered the door despite the process server's attempts to identify himself.

The process server also obtained a cell phone number for Dan Szaflarski from the defendant's son and called Dan on May 14, 2011 at 7:48. Dan indicated that he was aware of the attempts to serve him and stated that he refused to accept service except through his attorney. The process server attempted to set up a meeting for 8:30 that morning to accomplish service, but Dan failed to attend the meeting or return to the Woodspur location during that day. He also refused to provide his attorney's contact information. On several occasions, the process server conducted a "stakeout" of the Woodspur location and also left notices of attempted service on the residence, which were removed after each service attempt. Based on this evidence, service on these defendants by alternate means is warranted and the Court will allow the plaintiff to serve these defendants by registered mail, certified mail, and posting at the defendant's last known address.

However, with respect to defendant Szaflarski Partners, the plaintiff has failed to present any evidence of service attempts beyond those made by the United States Marshal Service. Although it is conceivable — and, in fact, likely — that the general partners of this partnership could include Dan and Elaine Szaflarski, there is no evidence in the record indicating that these individuals are associated with the partnership or are its only general partners. In fact, the plaintiff has failed to even search for or present the Court with a last-known address or a list of the partners for this defendant or on whom service would be "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). The plaintiff has failed to demonstrate that it attempted service on any general partners or that the attempt was unsuccessful. Because the plaintiff has not shown that it cannot effect service on this defendant through a method prescribed in Federal Rule of Civil Procedure 4 or Michigan Court Rule 2.105, the Court will deny the request for alternate service on defendant Szaflarski Partners.

Accordingly, it is **ORDERED** that the plaintiff's motion for alternate service [dkt. #13] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff may serve defendants Dan Szaflarski and Elaine Szaflarski by:

(A) posting a separate copy of the service documents for each defendant, along with a separate copy of this motion and order for substituted service of process for each defendant, at the defendants' residence at 8390 Woodspur Drive, Commerce Township, Michigan 48382;

(B) mailing separate copies for each defendant of the same documents by certified mail (return receipt requested) to the defendants' residence noted above; and

(C) mailing separate copied for each defendant of the same documents by first class mail to the defendants' residence noted above.

The plaintiff shall file a certificate confirming service as provided herein.

It is further **ORDERED** that the plaintiff's request to serve defendant Szaflarski Partners by alternate means is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 7, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL