UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Civil Case No: 11-10275
        Honorable David M. Lawson

DAN SZAFLARSKI, ELAINE SZAFLARSKI,
SZAFLARSKI PARTNERS, HURON
COUNTY TREASURER, OAKLAND
COUNTY TREASURER, WAYNE COUNTY
TREASURER, and POINT OF SAND POINT
ASSOCIATION,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR
ALTERNATE SERVICE ON DEFENDANT SZAFLARSKI PARTNERS**

On July 12, 2011, the plaintiff filed a second motion seeking leave to serve defendant and Szaflarski Partners by alternative means. The Court denied in part the plaintiff's first motion for alternate service as to this defendant, noting that the plaintiff failed to present any facts or evidence tending to show that service on the partnership could not be accomplished by a method permitting under the federal or state rules. The plaintiff now explains that the only general partners are defendants Dan and Elaine Szaflarski, for whom the Court allowed alternate service, and the partnership's tax records confirm that its address is the 8390 Woodspur Drive location in Commerce Township, Michigan at which the plaintiff has been attempting service for several months. The plaintiff requests leave to serve this defendant by the alternative means of posting, mailing by certified mail with return receipt requested, and mailing by first class mail.

        Federal Rule of Civil Procedure 4 sets forth the rules for service of process on partnerships in subsection (h). Rule 4(h) provides that service may be accomplished "pursuant to the law of the

state in which the district court is located." Fed. R. Civ. P. 4(h)(1)(A). *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623-25 (6th Cir. 2004). In addition, partnership also may be served by delivering a copy of the service documents to an officer or agent and — if service is effected on an agent — also mailing a copy of the documents to the corporate defendant. Fed. R. Civ. P. 4(h)(1)(B). Under Michigan law, service on a partnership may be effected as follows:

> (1) serving a summons and a copy of the complaint on any general partner; or
>
> (2) serving a summons and a copy of the complaint on the person in charge of a partnership office or business establishment and sending a summons and a copy of the complaint by registered mail, addressed to a general partner at his or her usual residence or last known address.

Mich. Ct. R. 2.105(C). In addition, the Michigan rule includes a provision that allows additional methods of service upon "a showing that service of process cannot reasonably be made as provided by this rule." Mich. Ct. R. 2.105(I)(1). In that event, "the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Ibid.*

To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. The first point must be established by "sufficient facts." Mich. Ct. R. 2.105(I)(2); *see Krueger v. Williams*, 410 Mich. 144, 163, 300 N.W.2d 910, 916 (1981). The second point embodies the constitutional requirements of due process. *Milliken v. Meyer*, 311 U.S. 457, 463 (1940) (holding that the constitutional adequacy of an alternate method of service "is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give [the defendant] actual notice of the proceedings and an opportunity to be heard").

In its second motion, the plaintiff explains that the only general partners, agents, or officers for Szaflarski Partners are defendants Dan and Elaine Szaflarski. They have presented the affidavit of an attorney in the Department of Justice's Tax Division, who reviewed the tax returns for the partnership, to confirm the ownership structure and the partnership's listed address for returns, both of which point back to Dan and Elaine Szaflarsaki and their residence on Woodspur Drive in Commerce Township. As the Court noted in its order granting in part the plaintiff's first motion for alternate service, the plaintiff has provided sufficient evidence that service on defendants Dan and Elaine Szaflarski cannot reasonably be made by the methods set out in the federal and state rules. Order [dkt. #14] at 3-4. The Court's order detailed the multiple attempts the process server made to reach these defendants at the Woodspur Drive location and another location by knocking on the door, leaving posted messages, and conducting stakeouts, as well as the process server's attempt to contact Dan Szaflarski by phone to set up a meeting. *Ibid.* The Court concluded that service on these defendants by alternate means is warranted. *Id.* at 4. This conclusion requires the Court to find now that service on the only general partners or officers, as the tax records reflect, cannot reasonably be effected in a manner permitted by Federal Rule of Procedure 4(h) or Michigan Court Rule 2.105(C). Therefore, the Court will grant the second motion for alternate service and allow the plaintiff to serve defendant Szaflarski Partners by registered mail, certified mail, and posting at the defendant's last known address.

Accordingly, it is **ORDERED** that the plaintiff's second motion for alternate service on defendant Szaflarski Partners [dkt. #15] is **GRANTED**.

It is further **ORDERED** that the plaintiff may serve defendant Szaflarski Partners by:

(A)     posting a copy of the service documents, along with a copy of this motion and order for substituted service of process, at the defendant's listed address at 8390 Woodspur Drive, Commerce Township, Michigan 48382;

(B)     mailing a copy of the same documents by certified mail (return receipt requested) to the defendant's address noted above; and

(C)     mailing a copy of the same documents by first class mail to the defendant's address noted above.

The plaintiff shall file a certificate confirming service as provided herein.

                                            s/David M. Lawson  
                                            DAVID M. LAWSON  
                                            United States District Judge

Dated: July 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2011.

                              s/Deborah R. Tofil  
                              DEBORAH R. TOFIL